**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-3238
_____


FRANCIS B. SERIEUX,
                    *Appellant*

v.

SGT. L. FRANCIS;
JANE DOE


_____

On Appeal from the District Court
for the Virgin Islands
District Court No. 3-20-cv-00055
District Judge: Honorable Robert A. Molloy
_____


Submitted Pursuant to Third Circuit L.A.R. 34.1(a) on
December 7, 2021
_____

Before: McKEE, RESTREPO, and SMITH, *Circuit Judges*

(Opinion filed: March 9, 2022)

_____

OPINION[*]

_____

[*] This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not constitute binding precedent.

McKee, *Circuit Judge.*

Francis B. Serieux appeals the District Court's dismissal of his claim for lack of subject matter jurisdiction. Because the District Court did not err in adopting the Magistrate Judge's Report and Recommendations or denying Serieux's motion for an extension to file objections to the R & R, we will affirm.[1]

## I.

Serieux brought a complaint against an unnamed officer, alleging that when she took a report from him she failed to put her name on the report and also quarreled with him. Magistrate Judge Miller entered an R & R recommending dismissal of Serieux's complaint for lack of subject matter jurisdiction as it failed to raise federal question or diversity jurisdiction under 28 U.S.C. §§ 1331 and 1332.[2] The R & R provided that "[a]ny objections to this [R & R] must be filed in writing within 14 days of receipt of this notice[, and f]ailure to file objections within the specified time shall bar the aggrieved party from attacking such [R & R] before the assigned District Court Judge."[3] The next day, the R & R was sent to Serieux via certified mail; thus, the deadline for Serieux to file objections was August 24, 2020.[4]

---

[1] The Magistrate Judge screened the pleading pursuant to 28 U.S.C. § 1915(e)(2) because Serieux is proceeding *pro se in forma pauperis*. The District Court reviewed *de novo* only those portions of the R & R to which the party has objected. Fed. R. Civ. P. 72(b)(3). We have jurisdiction to review the District Court's order under 28 U.S.C. § 1291.

[2] R & R, *Serieux v. Doe*, No. 3:20-cv-00055, 2020 WL 6864536, at *3 (Dist. C. V.I. Aug. 5, 2020) (Miller, Mag. J.).

[3] *Id.*

[4] *Serieux v. Jane Doe*, No. 3:20-cv-00055, 2020 WL 5016918, at *3 (Dist. C. V.I. Aug. 25, 2020).

On August 18, Serieux filed a motion for a one-month extension to file his objections. He claimed he was awaiting copies of his complaints for the Court, as he was sent the wrong documents and the print was too small from him to read. He also claimed that it was impossible for him to correct the complaints for his twenty-four cases within the prescribed fourteen days.[5]

On August 25, the District Court adopted the R & R and dismissed Serieux's complaint for lack of subject matter jurisdiction.[6] The Court also concluded that Serieux had not established good cause for an extension to file objections to the R & R.[7]

**II.**

Serieux raises two issues on appeal: (1) the dismissal of his complaint for lack of subject matter jurisdiction, and (2) the denial of his motion for an extension to file objections to the R & R. We review a dismissal for lack of subject matter jurisdiction *de novo*[8] and a denial of the motion for an extension for abuse of discretion.[9] Serieux cannot succeed on either issue. There is no basis for federal jurisdiction apparent on the face of Serieux's complaint; there are neither any identifiable claims under federal law, nor is there diversity of citizenship.

---

[5] The District Court had 18, rather than 24, complaints docketed for Serieux.

[6] *Serieux v. Doe*, No. 3:20-cv-00055, 2020 WL 5016918, at *4 (Dist. C. V.I. Aug. 25, 2020).

[7] *Id.* at *3.

[8] *Samuel-Bassett v. Kia Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).

[9] *Drippe v. Tobelinski*, 604 F.3d 778, 783 (3d Cir. 2010).

3

Moreover, given the nature of the allegations, the District Court clearly did not abuse its discretion in denying the motion for an extension of time to object to the R & R. An extension would not have resulted in a different outcome.

We will therefore affirm the District Court.